UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-00067-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RODRIGO BUITRAGO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL
AND MOTION TO APPOINT COUNSEL FOR APPEAL**

This matter is before the Court upon Defendant Rodrigo Buitrago's Motion to Proceed in Forma Pauperis on Appeal (DE # 321) and Motion to Appoint Counsel for Appeal (DE # 325). The Motions have been referred to the undersigned United States Magistrate Judge (DE ##s 323, 329). For the following reasons, the undersigned recommends that Defendant's Motion to Proceed In Forma Pauperis and Motion to Appoint Counsel be denied.[1]

**I. BACKGROUND**

Defendant Rodrigo Buitrago and four co-defendants were charged in a three-count Indictment with conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a) and 963 (Count 1), Conspiracy to Possess with Intent to Distribute Cocaine in violation of

---

[1] The undersigned Magistrate Judge has treated these motions as case-dispositive motions since, although there is no precedent in the Eleventh Circuit, every Circuit Court of Appeals which has considered the issue has ruled that the denial of such a motion is case-dispositive, although granting the motion is not. *See, e.g., Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990); *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988). In addition, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the <u>trial court</u> certifies in writing that it is not taken in good faith." (emphasis added).

21 U.S.C. §§ 841(a)(1) and 846 (Count 2), and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924 (c) (Count 3) (DE # 85). Following a jury trial, on May 3, 1996, defendant Buitrago was convicted on all counts. On October 17, 1996, Mr. Buitrago was sentenced to life imprisonment as to Counts 1 and 2, and sixty months as to Count 3 (DE # 158). Defendant Buitrago's conviction and sentences were affirmed by the Eleventh Circuit Court of Appeals on August 13, 1999 (DE # 206).

On May 16, 2001, Defendant Buitrago filed a *pro se* motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (DE # 1, Case No. 01-2009-CIV-KMM). In essence, he claimed that his sentences were illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) since the trial court applied sentencing enhancements contained in the Sentencing Guidelines which were not found by the jury beyond a reasonable doubt, including the amount of drugs; and based upon the retroactive application of Sentencing Guideline Amendment 599, which precluded the enhancement for using a firearm in a case where the defendant was also convicted for that offense. On March 27, 2002, the District Court denied relief on the grounds that the decision in *Apprendi* did not apply retroactively to cases on collateral review; and, that in the exercise of the Court's discretion, under the circumstances of the defendant's involvement in the offense, a reduction in the sentence based upon the retroactive application of Amendment 599 was not warranted (DE # 16, Case No. 01-2009-CIV-KMM; DE # 284 Case No. 96-00067-CR-KMM). On July 1, 2002, the Eleventh Circuit Court of Appeals dismissed Mr. Buitrago's appeal from the dismissal of his §2255 action, due to his failure to pay the requisite filing fees (DE # 22, Case No. 01-2009-CIV-KMM).

On December 4, 2008, Defendant filed a motion for reduction of sentence

pursuant to 18 U.S.C. § 3582 and Amendment 591 of the United States Sentencing Guidelines "seeking correction of an incorrectly imposed sentence" (DE #314). The Government filed a Response in Opposition (DE #315) and the Defendant filed a reply, styled as a traverse (DE #316). On February 24, 2009, the District Court denied the Defendant's motion for sentence reduction, ruling:

> Defendant seeks a reduction in the guidelines range based on Amendment 591, pursuant to 18 U.S.C. § 3582(c)(2). Here, Defendant's sentencing range is unaffected by the retroactive application of Amendment 591, which only applies to selection of the relevant offense guideline, not to the selection of a base offense level within the applicable offense guideline. Therefore, no adjustment is warranted.

(DE # 317). On March 12, 2009, the District Court denied the Defendant's Motion for Reconsideration of that Order (DE ## 318, 319).

On March 19 and 29, 2009, Defendant Buitrago filed the instant motions to proceed *in forma pauperis* and to appoint counsel, respectively, related to his appeal of the District Court's denial of his 18 U.S.C. § 3582(c)(2)(1)/Amendment 591 Motion ("Amendment 591 Motion") by the District Court. In the first Motion, Buitrago seeks to proceed *in forma pauperis* on appeal (DE # 317) and asserts that the denial of his Amendment 591 Motion was erroneous. In his Motion requesting court appointed counsel (DE # 325), he seeks to have counsel appointed to represent him in his appeal of the denial of the Amendment 591 Motion. Defendant has also filed a financial affidavit in support of his Motion to Proceed *in forma pauperis* and again moved to proceed *in forma pauperis* on appeal (DE # 330). Also, on April 2, 2009, former CJA counsel for the Defendant filed a Response to the Defendant's pro se Motion to Appoint Counsel indicating that he would be willing to undertake representation of the Defendant if his

**Motion to proceed *in forma pauperis* was granted (DE #327).**

**II. LAW AND ANALYSIS**

        **A.    The Standard For Proceeding In Forma Pauperis on Appeal**

**Defendant Buitrago first seeks permission to pursue his appeal of the District Court's denial of his Amendment 591 Motion *in forma pauperis*. The requirements for litigants seeking to proceed *in forma pauperis* in proceedings, including appeals, are set forth in 28 U.S.C. § 1915. In addition to the financial requirements, that statute provides, in relevant part, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915 (a)(3). A defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *United States v. Alvarez,* 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007) *citing Coppedge v. United States*, 369 U.S. 438 (1962). An application to appeal in forma pauperis may be denied "if it appears-objectively-that the appeal cannot succeed as a matter of law." *Id. citing DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla.1998), *aff'd*, 193 F.3d 522 (11th Cir.1999). Further, a case is frivolous for *in forma pauperis* purposes if it appears there is "little or no chance of success." *Id. citing Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993).**

        **B.    The Appeal in the Case at Bar**

**In the case at bar, the Defendant seeks to appeal denial of relief he sought pursuant to 28 U.S.C. § 3582(c)(2). This statute provides that a court may reduce an imposed sentence based on an amendment to the Sentencing Guidelines if the amendment has been made retroactive, as reflected by its inclusion in the list of retroactive amendments in the Sentencing Commission's policy statement, § 1B1.10. *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir. 2000). Amendment 591 of the**

**Sentencing Guidelines is listed in policy statement § 1B1.10, and has retroactive application. Thus, if it applied to the circumstances surrounding the imposition of the sentence as to Defendant Buitrago, he would be entitled to relief. However, as explained below, and as the District Court held in denying the motion, Amendment 591 conclusively has no effect on the determination of Defendant Buitrago's sentence. Therefore, his appeal is frivolous, and his motions for leave to proceed *in forma pauperis* on appeal, and for appointment of counsel, should be denied.**

**Amendment 591 was enacted to clarify that a sentencing court must apply the offense guideline listed in Statutory Index of the Sentencing Manual Appendix A that corresponds to the statute of conviction in sentencing a defendant. *United States v. Diaz*, 245 F.3d 294, 302 (3d Cir. 2001). Further, a sentencing court may not choose the offense guideline based on the actual conduct of the offender, but rather only than on the underlying offense for which the defendant was convicted. *United States v. Moreno*, 421 F. 3d 1217, 1219 (11th Cir. 2005)(citing U.S.S.G. App. C, amend. 591 (2003)).**

**Defendant argued in his motion to reduce sentence that he was entitled to relief pursuant to Amendment 591 because the district court applied the wrong guideline in determining his sentence by applying a higher base offense level for a quantity of drugs which exceeded the quantity for which he was indicted and convicted (DE # 314). Defendant contended that since the passage of Amendment 591, sentencing courts are required, as discussed in the background commentary to § 2D1.1, to apply the base offense level in proportion to the levels established by the statutory provisions of conviction (DE #314 at 8-9). The Defendant further argued, somewhat confusingly, that the District Judge in this case should have sentenced the Defendant in the lower range of the base offense levels rather than the higher base offense levels contained in the**

applicable offense guideline based upon the quantity of drugs for which the Defendant was convicted.

However, in *United States v. Moreno*, 421 F. 3d 1217 (11th Cir. 2005), the Eleventh Circuit unequivocally held that Amendment 591 of the Federal Sentencing Guidelines only applies to the selection of the relevant offense guideline, not to the selection of a base offense level within the relevant offense guideline.  Similar to the case at bar, in *Moreno* the defendant had been convicted by a jury of conspiracy to possess with intent to distribute, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Like the Defendant in the case at bar, Moreno contended the trial court erred in determining the quantity of drugs used to establish the base offense level (which yielded a base offense level of 38), rather than sentencing him in accordance with a base offense level for a quantity of drugs determined by the jury (which would have been 24, since the jury did not determine a specific quantity of drugs).  The Eleventh Circuit rejected the defendant's argument, affirmed the district court's denial of the defendant's motion to reduce his sentence motion based upon Amendment 591, and stated, "[i]n short, Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." *Id.* at 1219-20.  Thus, the Defendant's argument that Amendment 591 applies to his sentence has flatly been rejected by the Eleventh Circuit.

In addition, other circuits have arrived at the same conclusion that Amendment 591 does not apply to the selection of the base offense level but rather only applies to the offense guideline selection.  In *United States v. Taylor*, 112 Fed. Appx. 974 (5th Cir. 2004), for example, the Fifth Circuit Court of Appeals denied a federal prisoner's request

to proceed *in forma pauperis* to appeal a district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon application of Amendment 591 of the sentencing guidelines. Significantly, after the district court denied the defendant's motion to reduce sentence, the district court found that the defendant's appeal of that ruling would not be taken in good faith because the appeal was frivolous. *Id.* The appellate court affirmed that the defendant's appeal was frivolous because Amendment 591 was simply irrelevant to the determination of the base offense level within the applicable offense guideline section or to any consideration of relevant conduct. *Accord United States v. Jones*, 143 Fed. Appx. 526, 528 (4th Cir. 2005) (stating Amendment 591 does not impact how the base offense level is calculated within the appropriate guideline); *United States v. Rivera*, 293 F.3d 584, 586 (2nd Cir. 2002) (holding that Amendment 591 only applies to first step in arriving at guideline sentence, selection of the applicable offense guideline, not second step, selection of base offense level within applicable offense guideline); *United States v. Shipp*, 41 Fed. Appx. 884, 885 (7th Cir. 2002) (noting Amendment 591 modified guidelines to only require sentencing court to apply offense guideline referenced in Statutory Index for statute of conviction and not in the subsequent selection of the base offense level); *United States v. Swint*, 251 Fed. Appx. 765, 767-68 (3rd Cir. 2007) (stating defendant confused concepts of applicable offense guideline to which Amendment 591 applies with base offense level to which the Amendment does not apply).

    Akin to the above-cited cases, in the case at bar, the Defendant argued that the trial court misapplied the relevant offense guideline from the Federal Sentencing Guidelines, and further asserted that within the applicable guideline 2D1.1, the court erred in selecting a base offense level for a quantity of drugs for which he was not

7

convicted nor indicted.  However, as discussed above, Amendment 591 does not limit nor alter the District Court's determination of the base offense level within section 2D1.1 which was correctly used to determine the Defendant's offense guideline based upon his conviction.

Further, in his Reply, styled as a traverse, the Defendant argued that the government had mischaracterized his argument and contended instead that the crux of his argument was that the District Court applied the incorrect guideline to his statutory offense of conviction which resulted in a misapplication of the corresponding base offense level.  Defendant argued that he was convicted under 21 U.S.C. § 841(b)(1)(C) and therefore the appropriate guidelines to be applied to his sentence were guidelines 2D1.1(c)(8) through 2D1.1(c)(15) which apply to offenses of conviction which charge a detectable amount of cocaine, rather than the general guideline 2D1.1, which applies only to larger quantities of drugs.  This argument fails for a number of reasons.

First, as stated above, this court, in denying a previous § 2255 Motion wherein Defendant challenged the quantity of drugs attributed to him by the trial court rather than that in the indictment as a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), held that *Apprendi* could not be applied retroactively to a collateral attack.  Defendant's instant attack on his sentence raises a nearly identical *Apprendi* claim that Defendant was improperly sentenced for a higher quantity of drugs than the drug quantity that was proven at trial.  This collateral attack is again nothing more than an attempt to have *Apprendi* applied retroactively to his sentence, which the Eleventh Circuit has refused to do, without regard to whether the *Apprendi* claim is meritorious.  *Hamm v. United States*, 269 F.3d 1247 (11th Cir. 2001).

Second, despite Defendant's arguments to the contrary, he was not convicted

under 21 U.S.C. §841(b)(1)(C), which provides the penalty for persons who violate §841(a)(1) and (2).  In this case, both the Indictment (DE #3) and the Judgment (DE #158) clearly reflect that the Defendant was charged and convicted of a violation of 21 U.S.C. §846 for conspiracy to violate 21 U.S.C. § 841 (a)(1).[2]  There was no penalty provision cited in the Indictment.  Appendix A of the Federal Sentencing Guidelines Manual lists the applicable guideline for violations of 21 U.S.C. § 841(a) as 2D1.1, which is the provision under which the Defendant was sentenced. [3]

Finally, the undersigned also notes that the penalty provision set forth in 21 U.S.C. § 841(b)(1)(C), the section which Defendant claims that he was convicted under, is also included in Appendix A of the Federal Sentencing Guidelines Manual which lists the applicable guideline for violations of 21 U.S.C. § 841(b)(1)-(3) as 2D1.1.  This is the offense guideline under which the Defendant was sentenced, albeit for the quantity of drugs found applicable by the Court.

Therefore, this argument is also without merit.  Simply put, Amendment 591 has

---

[2] The Defendant was also charged and convicted of conspiracy to import cocaine in violation of 21 U.S.C. § 963(a) and Carrying a Firearm During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(DE # 3, 85, 158).  However, this fact does not alter the Court's analysis.  Appendix A to the Guidelines lists §2D1.1. as one of appropriate offense guideline for a violation of 21 U.S.C. § 963(a).  The other sections listed in the Appendix for that section are not relevant to the Defendant's argument.  Thus, the same analysis applies to the Defendant's conviction under §963(a).  Defendant's conviction for 924(c) is addressed in § 2K2.4 of the Guidelines and is also not relevant to Defendant's argument.

[3] The Defendant was indicted, tried and convicted in this matter in January, May and October of 1996, respectively.  Thus, the appropriate Federal Sentencing Guidelines to be applied are those that were in effect at that time.  For purposes of the instant issue, changes in the Guidelines subsequent to 1996 do not change the court's analysis, as the relevant provisions have remained unchanged.  *Compare* relevant portions of *U.S.S.G. Guidelines Manual*, incorporating amendments effective November 1, 1995 to *U.S.S.G. Guidelines Manual*, incorporating amendments effective November 1, 2008.

no application to the Defendant's case, and thus, his appeal on this issue has no basis in law, is frivolous and thus is not taken in good faith. Accordingly, pursuant to the requirements of § 1915(e), Defendant's Motion to proceed in forma pauperis on appeal should be denied.

      C.    Appointment of Counsel for Appeal

Defendant has also sought to have counsel appointed for his appeal. However, for the same reasons discussed above, the Defendant's motion should also be denied as his appeal is frivolous. As stated by the court in *United States v. Alvarez*, 506 F. Supp. 2d 1285 (S.D. Fla. 2007),

> although...indigents have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal.

*Id., citing Smith v. Robbins*, 528 U.S. 259 (2000). Thus, in this matter, leaving aside the issue that the Defendant previously appealed his conviction and sentence as a matter of right, because the undersigned has determined that Defendant's appeal is frivolous, the Defendant is not entitled to have counsel appointed to represent him in his appeal.[4]

    **III.**    **CONCLUSION**

Therefore, based on a review of the record as a whole, it is hereby

**RECOMMENDED** that Defendant's Motion to Proceed in Forma Pauperis on Appeal (DE # 321) and Motion to Appoint Counsel for Appeal (DE # 325) be **DENIED** pursuant to 28 U.S.C. § 1915(a)(3) on the grounds that the Defendant's appeal is not

---

[4] The undersigned recognizes that the Court of Appeals possesses authority to appoint counsel to aid the Defendant in a challenge to the District Court's certification that the appeal is not taken in good faith. *United States v. Alvarez*, 506 F. Supp. 2d 1285, 1294 (S.D. Fla. 2007), *citing Johnson v. United States*, 352 U.S. 565 (1957).

taken in good faith; and, that the Defendant be required to pay the full amount of the appellate filing fee if he desires to pursue his appeal.

The parties will have ten days from the date of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on July 13, 2009.

*[signature]*
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

Copies to:
All counsel and pro se parties of record via CM/ECF